**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KIM MCCLAIN-LEAZURE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 17-0144-WS-MU** |
| | ) | |
| **CAROLYN COLVIN, etc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to dismiss and remand and alternative motion for default. (Doc. 2).[1] The parties have filed briefs in support of their respective positions, (Docs. 2, 4, 5, 7-1),[2] and the motions are ripe for resolution.

The plaintiff filed this action in Alabama state court, alleging several state-law claims against the acting Commissioner of the Social Security Administration and several fictitious defendants, all arising out of her employment as an administrative law judge. (Doc. 1-1). The action was filed on February 3, 2017 and removed on April 6, 2017. The plaintiff argues that the removal was untimely and that the defendant was in default before removal was accomplished.

The parties are in agreement regarding the chronology of events. Process was sent by certified mail to the Commissioner's published business address and was received by the mail services center on February 10, 2017. Process was

---

[1] There are two plaintiffs but, because William Leazure brings only a derivative claim for loss of consortium, (Doc. 1-1 at 15-16), for convenience the Court will use the singular term.

[2] For the reasons stated therein, the defendant's unopposed motion for leave to file a surreply, (Doc. 7), is **granted**.

forwarded to the Office of General Counsel, which received the package on or about March 2, 2017.  Process was then forwarded to the Regional Office of General Counsel, which received the package on March 13, 2017.  (Doc. 1 at 4; Doc. 4 at 4; Doc. 5 at 1).  The defendant removed the action pursuant to 28 U.S.C. § 1442(a)(1) on April 6, 2017.  The instant motion was filed on May 12, 2017.[3]

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading …."  28 U.S.C. § 1446(b)(1).[4]  "[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  *Murphy Brothers, Inc. v. Michetti Pipe*

---

[3] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  "Petitioning for removal outside the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand."  *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).  The plaintiff's motion to remand was filed 36 days after the notice of removal and was thus untimely as to procedural defects.  However, because the defendant does not mention Section 1447(c) or ask the Court to deny the plaintiff's motion on that basis, the Court proceeds to consider the merits of the motion.  *But see In re: Bethesda Memorial Hospital, Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997) ("[W]e conclude that an order remanding on procedural grounds … upon an untimely motion … is not authorized by § 1447(c) ….").

[4] There is reason to doubt whether Section 1446(b) applies to removals pursuant to Section 1442(a).  *See Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) ("While we emphatically disapprove of the government's tardiness, we will not order this cause remanded on technical grounds," even though the plaintiff timely sought remand due to non-compliance with Section 1446(b)); *Reese v. South Florida Water Management District*, 853 F. Supp. 413, 415 (S.D. Fla. 1994) (citing *Loftin*) ("The federal interests underlying § 1442 and the policy that § 1442 be liberally construed to effectuate those purposes warrant consideration of the removal petition despite the government's tardiness and without resolution of whether the proper waiver of the timeliness issue ever occurred.").  Because the defendant makes no argument that Section 1446(b) does not apply, the Court will not further consider that possibility.

*Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  The question presented is whether and when the plaintiff properly served process.

The plaintiff argues that service was effected on March 2, 2017 pursuant to Alabama Rule of Civil Procedure 4(c)(8).  That provision reads as follows:

> (8) LOCAL GOVERNMENTS AND OTHER GOVERNMENTAL ENTITIES.  Upon a county, municipal corporation, or any other governmental entity not previously mentioned, or an agency thereof, by serving the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process, or upon the attorney general of the state if such service is accompanied by an affidavit of a party or the party's attorney that all such persons described herein are unknown or cannot be located.

The plaintiff characterizes the defendant as the "chief executive officer" of the Social Security Administration, such that her certified mailing effected good service under Rule 4(c)(8) as of February 10, 2017.  (Doc. 5 at 2).

The defendant responds that Rule 4(c)(8) does not apply to service on the United States, its agencies or officers.  (Doc. 7-1 at 2).  The Court agrees for the following reasons.  First, the rule is titled, "Local Governments and other Governmental Entities," which indicates the rule is limited to governments and governmental entities within a state.[5]  Second, the commentary to the provision states that it "governs service on all types of *local* governmental entities,"[6] which appears expressly to limit the rule's scope to local bodies. Third, the only governmental units listed in the rule are counties and municipalities, reflecting the rule's focus on local defendants.  Fourth, the rule provides for alternative service of process on the state attorney general – a procedure that makes little if any sense in the context of a federal defendant.  Fifth, the rule "is patterned after" certain

---

[5] *See, e.g., Montgomery County Board of Education v. Addison*, 3 So. 3d 885, 885-86 (Ala. Civ. App. 2008) (Rule 4(c)(8) "establishes the procedure for service of process" on a county school board).

[6] Committee comments to 2004 amendments (emphasis added).

Arkansas and New Mexico rules,[7] which rules plainly do not address federal defendants.[8] The plaintiff offers no argument in defense of her contrary position.

Because the plaintiff has failed to show effective service of process,[9] the 30-day clock of Section 1446(b) did not expire prior to removal.[10] And without service of process, the plaintiff cannot obtain entry of default. 10 Charles Alan

---

[7] *Id*.

[8] The Alabama rule is patterned after Arkansas Rule of Civil Procedure 4(d)(7). Because Rule 4(d)(6) expressly addresses service on "the United States or any officer or agency thereof," Rule 4(d)(7) cannot extend to service on federal defendants.

The Alabama rule is also patterned after what was then New Mexico Rule of Civil Procedure 1-004(F)(4)-(5). According to the official committee commentary, these provisions are now found within Rule 1-004(H), where they remain "substantively the same" as when housed in Rule 1-004(F). Because Rule 1-004(H) by its terms applies only to service "upon state and political subdivisions," it cannot extend to service on federal defendants.

[9] The Court has stated that "[t]he removing defendant's burden extends to demonstrating, when properly challenged, its compliance with the procedural requirements for removal." *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1349 (S.D. Ala. 2014). Because the timeliness of removal depends on whether and when the defendant was served with process, and because it is the plaintiff's responsibility to effect service, a plaintiff does not "properly challenge" timeliness unless and until she demonstrates such service.

[10] The plaintiff asserts the defendant has conceded that service was perfected no later than March 2, 2017. (Doc. 5 at 4). The defendant has not done so. The defendant argues that the plaintiff was obligated to perfect service in accordance with Federal Rule of Civil Procedure 4(i), which requires: (1) delivery of process to the local United States Attorney; (2) sending a copy of process to the Attorney General; and (3) sending a copy of process to the Commissioner. (Doc. 4 at 3). The defendant identifies 20 C.F.R. § 423.1(b), which calls for process to be served on the Commissioner by mail sent to General Counsel, as providing the proper means of satisfying the third of these requirements. (Doc. 4 at 3-4). Even if the agency's internal forwarding of process to the General Counsel's office on March 2, 2017 satisfied Section 423.1(b), the first two requirements of Rule 4(i) were not met thereby, and the defendant asserts without challenge that the United States Attorney was not notified of this action before March 16, 2017. (Doc. 1 at 4). The Court does not adopt the defendant's position that service of process in state court is governed by federal rules, but it does confirm that the defendant has not conceded effective service on March 2, 2017 or at any other time.

Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998) ("Before a default can be entered, … the party must have been effectively served with process.").

In her reply brief, the plaintiff raises a new argument: that the defendant "failed to raise any allegation of a colorable federal defense." (Doc. 5 at 4). District courts, including this one, ordinarily do not consider arguments raised for the first time on reply,[11] and the plaintiff offers no reason the Court should stray from the usual rule. The Court therefore will not consider the argument at this time, but it does not preclude the plaintiff from raising the argument by subsequent motion.

For the reasons set forth above, the plaintiff's motion to dismiss and remand, and her alternative motion for default, are **denied**.


DONE and ORDERED this 17th day of July, 2017.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[11] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005).